**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————————

**No. 06-1464**

———————————

JOHN N. HOWE,

                                        Plaintiff - Appellant,

        versus

FIRST TENNESSEE NATIONAL CORPORATION, d/b/a
First Horizon National Corporation; FIRST
HORIZON HOME LOAN CORPORATION, formerly known
as FT Mortgage Companies,

                                        Defendants - Appellees.

———————————

Appeal from the United States District Court for the District of
Maryland, at Baltimore.  William D. Quarles, Jr., District Judge.
(1:05-cv-01468-WDQ)

———————————

Submitted:  September 17, 2007      Decided:  November 29, 2007

———————————

Before SHEDD, Circuit Judge, HAMILTON, Senior Circuit Judge, and
Samuel G. WILSON, United States District Judge for the Western
District of Virginia, sitting by designation.

———————————

Affirmed by unpublished per curiam opinion.

———————————

James P. Ulwick, Jean E. Lewis, KRAMON & GRAHAM, P.A., Baltimore,
Maryland, for Appellant.  Thomas L. Henderson, O. John Norris, III,
LEWIS, FISHER, HENDERSON, CLAXTON & MULROY, L.L.P., Memphis,
Tennessee, for Appellees.

———————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

John Howe brought this action under the district court's diversity jurisdiction against his former employer, FT Mortgage Companies ("FT Mortgage") and a related corporation, First Tennessee National Corporation ("First Tennessee"), claiming that they breached their promise to extend long-term disability benefits to him beyond the maximum term of his benefits plan.[1] The district court found that the Employee Retirement Income Security Act ("ERISA") preempted Howe's state law claims and denied Howe leave to amend his complaint to assert an ERISA claim because that amendment would be futile. We affirm.

I

Howe worked as an asset manager for FT Mortgage for four years. In 1997, Howe was forced to stop working by a heart condition and began receiving short-term disability benefits under FT Mortgage's benefits plan. On September 3, 1997, near the end of Howe's short-term disability period, a benefits counselor at FT Mortgage sent Howe a letter stating that he understood that Howe might be applying for long-term disability benefits under the plan. The 1997 letter explained the long-term disability benefits Howe

---

[1]First Tennessee National Corporation, which does business as First Horizon National Corporation, is the parent company of First Tennessee Bank National Association, which, in turn, is the parent corporation of FT Mortgage Companies. FT Mortgage is now known as First Horizon Home Loan Corporation.

would receive if Howe's application were approved and concluded: "[y]our Long-Term Disability Benefits will continue until 03/06/2020 as long you remain disabled. At that time, you will be eligible to retire from First Tennessee Bank." The statement that Howe's long-term disability benefits would continue until March 6, 2020 when Howe became eligible to retire was in error because Howe would be 80 years old in 2020 and would have been eligible to retire 15 years earlier at age 65.

In a separate action in 1998, Howe sued FT Mortgage and First Tennessee to recover certain retention and severance benefits he believed he was due. The parties settled the lawsuit. Under the settlement agreement, FT Mortgage and First Tennessee agreed to pay Howe $22,144 plus attorney's fees. In return, Howe agreed to release FT Mortgage and First Tennessee from all liability to him except for certain stock options and for the "benefits outlined in the September 3, 1997 letter from the Company to Mr. Howe . . . subject to the terms and conditions of the underlying prospectus and plan documents that govern those benefits."[2]

---

[2]The full paragraph contained in the settlement agreement reads:

> Notwithstanding anything to the contrary in this Agreement, Mr. Howe shall continue to be entitled to the Company benefits outlined in the September 3, 1997 letter from the Company to Mr. Howe, attached hereto as Exhibit A, and the remaining options (which vest and can be exercised on April 21, 1999 and expire on November 10, 2000) shown on attached Exhibit B, *subject to the terms and conditions of the underlying prospectus and plan documents* that govern those benefits. (emphasis added)

3

Howe brought this state law contract action claiming that the 1998 settlement agreement, which incorporated the 1997 letter, provided that he would receive long-term disability benefits until 2020 and that FT Mortgage and First Tennessee breached that agreement by terminating benefits at age 65, in 2005. Alternatively, Howe sought leave to amend his complaint to claim that the 1998 settlement agreement and letter constituted an ERISA plan. The district court held that ERISA preempted Howe's state law contract claim. The court also denied Howe leave to amend because the settlement agreement did not create an ERISA plan and that even if the agreement had created a plan, it was expressly subject to the existing plan's documents which provide that eligibility for long-term disability terminates when the employee reaches 65.

II

We agree with the district court and affirm on its reasoning, which we see no reason to explore further here. We also affirm on the additional ground that whether we were to apply Maryland contract law or ERISA to the 1998 settlement agreement, we would reach the same result because the settlement agreement is expressly and unambiguously subject to the same underlying plan documents and under those plan documents Howe's disability benefits terminated at age 65.

4

Construction of the meaning of an agreement begins with the language of the agreement. When the language employed is unambiguous, the court is required to give effect to its ordinary, natural or plain meaning. Catawba Indian Tribe of South Carolina v. City of Rock Hill, 501 F.3d 368, ___ (4th Cir. 2007) (stating that objective interpretation of contracts gives force to the language of the contract when it is plain and capable of legal construction); Honeycutt v. Honeycutt, 822 A.2d 551 (Md. 2003); Restatement (Second) of Contracts § 202 (1981).

The 1998 settlement agreement expressly subjects Howe's disability benefits to the terms and conditions of FT Mortgage's plan documents. The plan documents terminate long-term disability benefits at the time of retirement eligibility, age 65. Howe attempts to create ambiguity by claiming that only the stock options listed after the disability benefits in the settlement agreement are subject to plan documents. However, this court reads the entire sentence and finds that the unambiguous language of the settlement agreement forecloses any further argument. Howe's benefits are subject to FT Mortgage's benefits plan, and that plan terminates benefits at 65.

Therefore, this court finds that Howe is entitled only to long-term disability benefits provided for in FT Mortgage's ERISA plan until age 65, not until 2020 when he reaches age 80.

III

For the reasons stated above, this court affirms the judgment of the district court.

AFFIRMED